### EBERHART v. STATE.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3102. Decided Oct. 31, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

1004. RECEIVING STOLEN GOODS—118. Automobiles—Offense of concealing stolen automobile, knowing it to have been stolen, complete with act and not within meaning of 13691 GC. Not necessary for jury to fix value of automobile so concealed.

Error to Common Pleas.

Judgment affirmed.

E. C. Schuessler, Cincinnati, for Eberhart.

Chas. P. Taft, Pros. Atty., and John H. Clippinger, Asst. Pros. Atty., Cincinnati, for State.

STATEMENT OF FACTS.

Clarence Eberhart was convicted of the crime of concealing a stolen automobile, knowing it to have been stolen. The prosecution was under 12619 GC. The jury, in its verdict, failed to fix the value of the automobile, and this is the point made by the plaintiff in error, upon which he seeks a reversal.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

The question is: Does the statute require the jury to fix the value of an automobile in a case of conviction for concealing a stolen motor vehicle, knowing it to have been stolen? The only section of the Code requiring the jury to fix value in criminal cases, on conviction, is 13961 GC.

The plain reading of the section fixes but three kinds of offenses upon which it becomes necessary to fix value; first, offense against property by larceny; second, embezzlement; and third, obtaining property by false pretense. By no possible interpretation of this section could it be held to apply to concealing a stolen motor vehicle, knowing it to have been stolen. The offense is complete when the concealment, under the circumstances, is proved, whatever the value may be.

We are, therefore, of the opinion that it was not incumbent upon the jury to fix the value of the automobile in its verdict, judgment will be affirmed.

(Mills and Cushing, JJ., concur.)